## McCAFFREY v. RICHEY ET AL.

EVIDENCE CONSIDERED.

*Appeal from Union District Court.*

FRIDAY, SEPTEMBER 19.

THE defendant Eagan obtained a judgment against John McCaffrey, the plaintiff's husband, on which an execution was issued, and levied on certain real estate the legal title to which was in the plaintiff. The object of this action was to enjoin the sale thereof, and establish plaintiff's title free and clear of the lien of said judgment. An injunction was issued. The answer denied that plaintiff was the owner of said real estate, and alleged the same was conveyed to plaintiff to defraud the creditors of her husband.

There was a trial to the court, a finding that the equities were with the defendants, and a decree accordingly. The plaintiff appeals.

*Hursh & Higbee*, for appellant.

*McDill & Sullivan*, for appellees.

SEEVERS, J.—I. Counsel for the appellant concede that this cause is not triable *de novo* in this court, but only on errors assigned, which we proceed to consider. It is insisted the finding is against the evidence. The case turns upon the testimony of the plaintiff. She states, on her examination in chief, that the lands in controversy were purchased with her money. She, however, was subjected to a lengthy cross-examination, and we are constrained to say the story told by her is, to say the least, of a somewhat unusual character. If she could be implicitly believed, however, the finding of the court is against the evidence. But she was examined in open court. Her conduct and demeanor on the stand have much to do with this question. The court below evidently disbelieved her story, and, considering the strange and unusual character of the transactions testified to, we

are unable to say the court was not justified in so doing.  It will, of course, be understood the finding has the force and effect of a verdict of a jury.

II.  It is insisted that improper testimony was admitted.  But no such testimony is specifically pointed out.  The complaint is that an extraordinary latitude was given to the cross-examination and matters inquired about that have no bearing on the matters in issue.  We, however, see nothing in the examination to condemn, and clearly there was no prejudicial error.

III.  The court decreed that the defendants might proceed and sell the real estate, and thereby obtain a satisfaction of the judgment.  This action of the court is objected to, and it is also said there was no affirmative evidence in support of the allegations of the answer.  But in neither of these particulars was there any error committed.

We deem it unnecessary to state our reasons for this conclusion.

AFFIRMED.

---

## AMENDED RULES OF PRACTICE IN THE SUPREME COURT.

### ADOPTED JUNE 14, 1879, BY THE FOLLOWING ORDER:

*Ordered, That the following amended Rules of Practice be adopted, to take effect from this date.*

RULE 19.—At least thirty (30) days before the day assigned for the hearing of a cause, the appellant shall serve upon the attorney for each appellee a printed copy of so much of the abstract of record as may be necessary to a full understanding of the questions presented for decision (said abstract to be prepared as required by sections 97, 98 and 99).  He shall also, fifteen (15) days before the first day of the term for which the cause is to be docketed for trial, file with the clerk ten (10) copies of said abstract, and no cause will be heard until thirty (30) days after such service, and fifteen (15) days after such filing with the clerk; nor shall it be docketed unless this and other rules shall be complied with.  In case of cross-appeals the party first giving notice of appeal shall, under this rule, be considered the appellant.

RULE 57.—To entitle an appellant to submit his case, either orally or in print, he must serve copies of his brief of points and authorities, or argument, on counsel for each of the appellees at least thirty (30) days before the day assigned for the hearing of the case.  The appellee shall serve copies of his brief or argument upon counsel for each appellant at least ten (10) days before the hearing, and the reply, if in print, shall be served at least three (3) days before the case is to be finally submitted.  Each party shall file with the clerk ten (10) copies of each brief or argument before the case is so submitted.  A failure to comply with above requirements will entitle the party not in default, unless the court shall for sufficient cause otherwise order, to a continuance, or to have the case submitted, at his option, upon the brief and argument on file when the default occurred.  All briefs and arguments shall be prepared and printed as required by sections 94, 98 and 99 hereof.

RULE 58.—All arguments in addition to oral ones shall be in print; proper evidence of the service upon opposing counsel of printed matter in a cause shall be filed therewith; and the clerk shall note upon the docket the date of each service.  All manuscripts and printed arguments shall be filed with the clerk, and he shall not transmit to the judges any paper not served and filed in time under the rules, nor shall any argument or brief be considered which does not go through the hands of the clerk.  No cause shall be entered as submitted until the arguments are finally and actually concluded.